IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRUCE L. WAPLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 10-619-GMS |
| | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondent. | ) | |

Bruce L. Waples. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondent.

**MEMORANDUM OPINION**

June 27, 2013
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Bruce L. Waples ("Waples"). (D.I. 1) For the reasons discussed, the court will deny the petition as for lack of jurisdiction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 30, 2006, while he was an inmate at the Sussex Violation of Probation Center, Waples was arrested for assaulting a Corrections Officer. (D.I. 11 at 2) In November 2006, Waples was indicted on a single count of assault in a detention facility. A Delaware Superior Court jury found Waples guilty of that charge in March 2007. The Superior Court immediately sentenced him to four years of imprisonment, with credit for 122 days previously served, suspended after two years for one year of supervised probation at Level III. *Id.* The first two years of that sentence were mandatory. The Delaware Supreme Court affirmed Waples' conviction and sentence on March 3, 2008. *Waples v. State*, 945 A.2d 1168 (Table), 2008 WL 555647 (Del. Mar. 3, 2008).

On March 13, 2008, Waples filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 11 at 2) Both Waples' trial counsel and the trial prosecutor filed responsive affidavits. *Id.* The Superior Court denied Waples' Rule 61 motion on March 5, 2009, and the Delaware Supreme Court affirmed that decision on December 7, 2009. *See Waples v. State*, 985 A.2d 391 (Table), 2009 WL 4604644 (Del. Dec. 7, 2009). On March 5, 2010, the Superior Court fully discharged Waples from probation, and the restitution was deemed uncollectible. (D.I. 13, Del. Super. Ct. Crim. Dkt. Entry No. 100)

1

Waples filed the instant petition on July 21, 2010, asserting various challenges to his conviction for assault in a detention center, including ineffective assistance of counsel, sentencing errors, due process violations, evidentiary errors, and prosecutorial misconduct. (D.I. 1) The State filed an answer, contending that the petition should be dismissed as moot or, alternatively, as procedurally barred and meritless. (D.I. 11)

## II. JURISDICTION

Pursuant to AEDPA, a federal court has jurisdiction to consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005). The "in custody" requirement of § 2254 is met only if the petitioner is in custody pursuant to the judgment or sentence he seeks to attack **at the time the petition is filed**. *See Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003)(emphasis added). A petitioner satisfies the "custody" requirement if he is on probation or parole when he files his petition. *See Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963); *Barry v. Brower*, 864 F.2d 294, 296 (3d Cir. 1988).

In addition, according to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. Significantly, when a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury

requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001).

### III. DISCUSSION

In this case, the claims in Waples' petition challenge his conviction for assault in a detention facility. Pursuant to *Spencer*, even though Waples has been released from custody, the court presumes there are continuing collateral consequences from Waples' conviction sufficient to satisfy Article III's injury requirement. Thus, the court will not deny the petition on mootness grounds.

Rather, the court concludes that it must deny the petition for lack of jurisdiction because Waples was not "in custody" pursuant to the sentence for his assault in a detention facility conviction when he filed his habeas petition in July 2010. The following computation demonstrates the basis for this conclusion. Waples was sentenced on March 1, 2007 to four years at Level V, with credit for 122 days previously served, to be suspended after two years for one year of probation at Level III. Subtracting the 122 days of credit from the two year mandatory sentence leaves a total of 608 days that Waples had to serve at Level V. Adding 608 days to March 1, 2007 demonstrates that Waples' Level V time expired on October 29, 2008. In turn, although adding one year of probation to October 29, 2008 indicates that the probation portion of Waples' sentence expired sometime around October 29, 2009, Waples' probation status definitely expired on March 5, 2010, the date on which the Superior Court officially fully discharged Waples' probation and deemed the restitution uncollectible.

Waples did not file the instant petition until July 2010, four months after the full termination of his sentence and probation status. Accordingly, the court will deny the instant

3

petition for lack of jurisdiction because Waples was not "in custody" on the date he filed the petition.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that the instant petition does not warrant federal habeas relief. Consequently, the court declines to issue a certificate of appealability because Waples has failed to make a substantial showing of the denial of a constitutional right.

## V. CONCLUSION

For the foregoing reasons, Waples' § 2254 petition is denied. The court also finds no basis for the issuance of a certificate of appealability. An appropriate order will follow.

4